UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CRESCENT CITY HOLDINGS, LLC                CIVIL ACTION

v.                                         NO. 08-902

SCOTTSDALE INSURANCE COMPANY               SECTION "F"

ORDER AND REASONS

Before the Court is the plaintiff's motion to remand. For the reasons that follow, the motion is DENIED.

**Background**

On August 29, 2007, Crescent City sued its insurer, Scottsdale Insurance Company, seeking to recover on an insurance policy for hurricane-related property damage and seeking penalties for bad faith insurance practices. Service and citation were requested at the time of filing; but service was not effected on the Secretary of State until January 7, 2008. Scottsdale's registered agent, CT Corporation did not receive the complaint until two days later on January 9, 2008. On February 7, 2008, Scottsdale removed the suit to this Court, invoking the Court's subject matter jurisdiction under 28 U.S.C. § 1332, stating that the parties are completely diverse and the amount-in-controversy exceeds the $75,000 minimum requirement for federal jurisdiction.

Crescent City now moves to remand solely on the ground

1

that Scottsdale's removal was untimely because it did not occur within 30 days of the Secretary of State's receipt of process.

I.

Although the plaintiffs challenge removal in this case, the removing defendants carry the burden of showing the propriety of this Court's removal jurisdiction. See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988).  In addition, any ambiguities are construed against removal, Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979), as the removal statute should be strictly construed in favor of remand. York v. Horizon Fed. Sav. and Loan Ass'n, 712 F. Supp. 85, 87 (E.D. La. 1989); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

II.

To exercise diversity jurisdiction, complete diversity must exist between the plaintiffs and all of the properly joined defendants, and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332.  It is undisputed that the Court has diversity jurisdiction.

Whether Scottsdale's notice of removal was timely filed, however, is disputed.  Section 1446 governs procedures for removal. Section 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or

2

> otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Scottsdale removed the suit on February 7, 2008, which is 31 days after service was made on the Louisiana Secretary of State but which is 29 days after Scottsdale's registered agent actually received process from the Secretary of State. The issue is whether the clock for the 30-day time period for removal starts the day the Secretary of State is served, or the day the defendant or its agent actually receives process.

The plaintiff contends that service of process on the Secretary of State is sufficient to start the clock for the 30 day time period. In support of its position, the plaintiff notes that the Fifth Circuit has not decided the issue. But the plaintiff acknowledges that most courts have ruled that such service is not sufficient to start the time period for filing a notice of removal.

Scottsdale submits that the 30-day time period for removal starts to run when the defendant or its agent actually receives process, not when the Secretary of State is served. The Court agrees.

Scottsdale's notice of removal was timely because it was

filed within 30 days of its receipt, through service on its registered agent (CT Corporation), of a copy of the initial pleading.  "[T]he general rule is that the thirty-day clock does not begin to run when a statutory agent such as the Secretary of State is served." Hibernia Cmty. Dev. Corp., Inc. V. U.S.E. Cmty. Servs. Group, Inc., 166 F. Supp.2d 511, 513 (E.D. La. 2001) (Clement, J.).  This is because

> [r]ealistically speaking, of course, these kinds of statutory agents are not true agents but are merely a medium for transmitting the relevant papers. Accordingly, it now appears to be settled law that the time for seeking removal begins to run only when the defendant or someone who is serving as the defendant's agent in fact receives the process.

14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3732 (3d ed. 1998).  Other Sections of this Court agree.  See, e.g., Sasser v. Allstate Ins. Co., No. 07-3926, 2007 WL 3119428, at *1 n.1 (E.D. La. Oct. 23, 2007) (Fallon, J.); Martin & Pannagl, Ltd. V. Scottsdale Ins. Co., No. 06-10536, 2007 WL 708780, at *1 (E.D. La. March 5, 2007) (Duval, J.) (noting "differing viewpoints" but finding that the thirty day period commences on actual receipt of formal process by the defendant as opposed to service on the statutory agent); Backes v. Colonial Life & Accident Ins., No. 06-215, 2006 WL 901799, at * (E.D. La. April 4, 2006) (Barbier, J.) ("[a]ctual notice to defendants is necessary in order to convey the

required information and afford them the statutorily prescribed amount of time to decide in which court the case should be heard"); see also Barackman v. Banister, No. 06-3622, 2007 WL 189378, at *1 (S.D. Tex. Jan. 22, 2007) ("majority of courts considering the question have held that time for removal runs from receipt by the named defendant after transmission from the statutory agent").

Because Scottsdale filed its notice of removal within 30 days of its registered agent being served, the plaintiff's motion to remand is DENIED.

New Orleans, Louisiana, March 25, 2008.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE